IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | | |
|---|---|---|---|
| In Re: | ) | Case No: | 17-31540-DHW |
| Saralyn Pace | ) | Chapter: | 13 |
| SSN: xxx-xx-4859 | | | |
| Debtor | ) | | |
| | ) | | |

## OBJECTION TO CONFIRMATION
## FILED BY FREEDOM MORTGAGE CORPORATION

Comes now, FREEDOM MORTGAGE CORPORATION, its principals, investors, successors, and/or assigns, if any, (hereinafter "Creditor"), by and through its undersigned counsel of record, Sirote & Permutt, P.C., and hereby objects to the proposed plan filed by the Debtor and seeks an order by this Honorable Court sustaining the Creditor's objection and denying confirmation of the Debtor's proposed plan; and in support thereof, the Creditor avers as follows:

1. This Honorable Court has jurisdiction to hear these matters and enter final orders pursuant to 28 U.S.C § 157 and 1334; and 11 U.S.C. § 1322, 1323, 1324 and 1325. The Objection to Confirmation constitutes a core proceeding and is a contested matter pursuant to Fed. R. Bankr. P. 3015(f) and 9014.

2. The Creditor holds a mortgage lien on the property commonly referred to as 4320 Sunnybrook Drive, Montgomery, AL 36108, and legally described in the Mortgage and Note.

3. The current rate of contract interest is 3.000%.

4. The Debtor's plan does not provide for the pre-petition default owed to the Creditor in the amount of $135.30 for escrow shortage. For this reason the debtor's plan is not feasible as proposed.

5. The Debtor's proposed plan impermissibly, unilaterally and without the consent of the Creditor, modifies the rights of the Creditor and holder of a secured claim, secured only by a security interest in real property that is the Debtor's principal residence.

6. The Debtor's proposed plan fails to comply with 11 U.S.C. § 1325(a)(1). Due to that failure, the Debtor's proposed plan appears to violate 11 U.S.C. § 1325(a)(3) and (a)(5).

7. The Debtor's actions in proposing a plan in violation of Section 1322(b)(2) and 1325(a)(1) have caused unreasonable delay that is prejudicial to the Creditor. Further, such impermissible provisions of the proposed plan renders the Creditor's rights, interest, and security interests as not being adequately protected.

**WHEREFORE, ABOVE PREMISES CONSIDERED,** the Creditor herein prays that this Honorable Court will sustain the Creditor's Objection to Confirmation; enter an order denying confirmation; and make a determination under 11 U.S.C § 1307(c)(5) whether additional time should be afforded the Debtor(s) for the filing of another plan or a modification; and if additional time is afforded unto the Debtor for filing of another plan or a modification, then enter an order awarding unto the Creditor adequate protection of its rights, interests, and security.

Respectfully submitted,

/s/ Stephen Bulgarella
Stephen Bulgarella (BUL-021) SB
Enslen Crowe (CRO-098)
Diane C. Murray (MUR-048)
Donald M. Wright (WRI-021)
Attorney for Creditor

OF COUNSEL:
Stephen Bulgarella
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205-918-5083 / Fax: 205-212-2874
sbulgarella@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify in accordance with Fed. R. Bankr. P. 4001(a), 9014, and 7004 that a copy of the above and foregoing pleading was mailed, first class postage prepaid to the following:

Saralyn Pace
4320 Sunnybrook Drive
Montgomery, AL 36108 ,

and served via electronic case management to:

Richard D. Shinbaum
P.O. Box 201
Montgomery, AL 36101
rshinbaum@smclegal.com

Sabrina L. McKinney
P.O. Box 173
Montgomery, AL 36101
trustees_office@ch13mdal.com

On this the 8th day of August, 2017

/s/ Stephen Bulgarella
OF COUNSEL